UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Daniel A. Bartus,<br><br>      Debtor. | Chapter 7<br><br>Bky. No. 07-43345-NCD |
| John R. Stoebner, Trustee,<br><br>      Plaintiff,<br>vs.<br><br>Scherer Bros. Lumber Co.,<br><br>      Defendant. | Adv. No. _____<br><br>**COMPLAINT TO AVOID<br>PREFERENTIAL TRANSFERS** |

For his Complaint against the above-named Defendant, Plaintiff John R. Stoebner, Trustee of the bankruptcy estate of Daniel A. Bartus, states and alleges as follows:

## **PARTIES**

1. Plaintiff John R. Stoebner ("Plaintiff") is the duly qualified and acting Trustee in this bankruptcy case.

2. Daniel A. Bartus ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on September 20, 2007. Debtor's bankruptcy case is now pending before this Court.

3. Defendant Scherer Bros. Lumber Co. ("Defendant") is a Minnesota corporation with a registered address of 9401 73rd Avenue North, Suite 400, Brooklyn Park, Minnesota 55428.

## JURISDICTION

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 7001, and Local Rule of Bankruptcy Procedure 1070-1. As an action to avoid transfers of Debtor's property, this is a core proceeding under 28 U.S.C. § 157(b)(2).

5. Venue is properly before the Court pursuant to 28 U.S.C. § 1409.

6. This action seeks to avoid and preserve for the benefit of the estate certain preferential transfers pursuant to 11 U.S.C. §§ 544, 547 and 551. Plaintiff reserves the right to amend the Complaint, to the extent permitted or required by the Federal Rules of Bankruptcy Procedure, to seek avoidance and recovery related to other transfers of Debtor's property that are revealed or discovered in the course of this action.

## FACTS

7. At all times relevant hereto, Debtor owned all or part of the following real property:

   (a) An undeveloped parcel located at 18400 Maple Ridge Road, Deephaven, Minnesota, 55391 (the "Minnesota Lot"), legally described as:

   Lot 1, Block 1, Maple Ridge, Hennepin County, Minnesota;

   (b) A condominium unit with an address of 17031 East El Lago Boulevard, Unit 2175, Fountain Hills, Arizona 85268 (the "Arizona Condominium"), legally described as:

   Unit 2175, LAKESIDE RESORT CASITAS CONDOMINIUMS, according to declaration of Condominiums recorded in Document No. 86-414780 and Amendment recorded in Document No. 86-457441 and Second Amendment recorded in Document No. 87-424294 and revised second amendment recorded in Document No. 87-690964 and recorded in Document No. 87-744399 and Amended Plat recorded in Book 312 of maps, page 41, and Affidavit of Scrivenor's Error recorded in Document No. 87-744398, records of Maricopa County Arizona;

> TOGETHER WITH an undivided interest in and to the common elements as set forth in said Declaration and Plat;
>
> EXCEPT all minerals as reserved in Patent from United State of America; and
>
> EXCEPT all gas, coal and minerals as reserved in Deed recorded in Docket 12489, page 894, records of Maricopa County, Arizona; and EXCEPT all oil, gases and other hydrocarbon substances coal, stone, metals, minerals, fossils and fertilizers of every name and description, together with all uranium, thorium, or any other material which is or may be determined to be peculiarly essential to the production of fissionable materials, whether or not of commercial value, and except all underground water in, under or flowing through said land, and water rights appurtenant thereto, as reserved in instrument recorded in Document No. 86-90271, records of Maricopa County, Arizona; and

(c)  A house with an address of 15847 Brodiea Drive East, Fountain Hills, Arizona 85268 (the "Arizona House"), legally described as:

> Lot 4, Block 2, of Fountain Hills Arizona, Final Plat No. 602-C, according to the Plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 166 of maps, page 33.
>
> Except all minerals as reserved unto the United States of America in patent of said land recorded February 28, 1956 in docket 1839, page 426, records of Maricopa County, Arizona.
>
> Except all oil, gases and other hydrocarbon substances, coal, stone, metals, minerals, fossils and fertilizers of every name and description, together with all uranium, thorium, or any other material which is or may be determined to be peculiarly essential to the production of fissionable materials, whether or not of commercial value.
>
> Except all underground water, in, under or flowing through said land and water rights appurtenant thereto;

8.  On or about June 19, 2007, the Hennepin County District Court, under Court File No. 27-CV-06-22141, issued Findings of Fact, Conclusions of Law, and Order for Judgment awarding Defendant default judgment against Debtor in the amount of $158,689.46 (the "Order").

9. The judgment ordered by the Order was entered on June 21, 2007.

10. The judgment ordered by the Order was docketed on October 3, 2007.

11. On June 19, 2007, Defendant caused the Order to be filed with the Hennepin County Registrar of Titles against the Minnesota Lot as Document No. 4397617 (the "Minnesota Order Filing").

12. On or about July 2, 2007, Defendant caused the Order to be filed in the real property records of the Maricopa County Recorder as Document No. 20070889040 (the "Arizona Order Filing").

13. On June 22, 2007, Defendant caused a separate judgment against Debtor, comprising the sums of $17,357.58 and $20,592.55 (the "Previous Judgment"), to be filed with the Hennepin County Registrar of Titles against the Minnesota Lot as Document No. 4398976 (the "Minnesota Judgment Filing").

14. The Previous Judgment was awarded, entered, and docketed on November 8, 2006 under Hennepin County District Court File No. 27-CV-06-11342.

15. On or about June 27, 20007, Defendant caused the Previous Judgment to be filed in the real property records of the Maricopa County Recorder as Document No. 20070889039 (the "Arizona Judgment Filing").

16. On or about January 21, 2008, Defendant filed an unsecured proof of claim, in the amount of $165,701.11, in Debtor's bankruptcy case. In support of its proof of claim, Defendant attached the Order.

17. Upon information and belief, Defendant did not file a proof of claim with respect to amounts owed pursuant to the Previous Judgment.

18. Upon information and belief, the Previous Judgment has been satisfied.

19. In February 2009, Defendant released the Arizona Condominium from the purported liens of the Order and the Previous Judgment.

20. At all time relevant hereto, the Debtor was insolvent within the meaning of 11 U.S.C. § 101(32).

## CLAIMS AGAINST DEFENDANT

### COUNT ONE – PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547(b)

21. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs.

22. Plaintiff brings this Count One in addition and in the alternative to all other claims stated in this Complaint, without waiving Plaintiff's right to elect remedies.

23. Each of the Minnesota Order Filing, the Minnesota Judgment Filing, the Arizona Order Filing, and the Arizona Judgment Filing constitutes a transfer of Debtor's interest in property (collectively, the "Transfers").

24. The Transfers were made on or within 90 days before the date of the filing of Debtor's petition, September 20, 2007:

    (a) The Arizona Judgment Filing was made on June 27, 2007;

    (b) The Arizona Order Filing was made on July 2, 2007;

    (c) The Minnesota Judgment Filing was made on June 22, 2007; and

    (d) The Minnesota Order Filing was made immediately before the Petition Date, by operation of Minn. Stat. §§ 548.09 and 508.63 and 11 U.S.C. §§ 547(e)(1) and (2).

25. Each such Transfer was made to or for the benefit of Defendant, a creditor of Debtor.

26. Each such Transfer was made for or on account of an antecedent debt owed by Debtor to Defendant.

27. Each such Transfer was made while Debtor was insolvent.

28. Each such Transfer enabled Defendant to receive more than Defendant would receive if the Transfer had not been made and had Defendant received payment of such debt to the extent provided by Chapter 7 of the Bankruptcy Code.

29. Each such Transfer constitutes a preferential transfer within the meaning of 11 U.S.C. § 547(b), which may be avoided by Plaintiff and preserved for the benefit of the estate under 11 U.S.C. § 551.

## COUNT TWO – AVOIDANCE OF TRANSFERS UNDER 11 U.S.C. § 544

30. Plaintiff restates and realleges, as if fully set forth herein, all preceding paragraphs.

31. Plaintiff brings this Count Two in addition and in the alternative to all other claims stated in this Complaint, without waiving Plaintiff's right to elect remedies.

32. The judgment resulting from the Minnesota Order was not docketed until October 3, 2007, *after* Debtor's Petition Date.

33. The Minnesota Order Filing was ineffective to create a perfected judgment lien in favor of Defendant because the Minnesota Order Filing did not comply with Minn. Stat. §§ 548.09 and 508.63.

34. The Minnesota Order Filing was not perfected as of the Petition Date.

35. Under Minn. Stat. § 507.34, an unrecorded conveyance of real property is void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any part thereof, whose conveyance is first duly recorded.

36. The Arizona Order Filing was ineffective to create a perfected judgment lien in favor of Defendant because the Arizona Order Filing did not comply with Ariz. Stat. § 33-961.

37. Under Ariz. Stat. § 33-411, the Arizona Order Filing is void as against a subsequent purchaser for valuable consideration.

38. Under 11 U.S.C. § 544(a)(3), Plaintiff is deemed to be a bona fide purchaser of, and possess a perfected interest in, the Minnesota Lot and the Arizona House as of the Petition Date.

39. Plaintiff is entitled to avoid the Minnesota Order Filing and the Arizona Order Filing under 11 U.S.C. § 544(a)(3), and to preserve the value thereof for the benefit of the estate under 11 U.S.C. § 551.

## **PRAYER FOR RELIEF**

**WHEREFORE**, and without electing remedies, Plaintiff respectfully demands the following relief:

A. Judgment against Defendant Scherer Bros. Lumber Co. avoiding (1) the Minnesota Order Filing; (2) the Minnesota Judgment Filing; (3) the Arizona Order Filing; (4) the Arizona Judgment Filing; and (5) all such other transfers of the Debtor's property to Defendant as may be determined by the Court.

B. Judgment preserving all such avoided transfers for the benefit of the Debtor's bankruptcy estate, or, in the alternative, judgment for the value of such property;

C. Judgment against Defendant Scherer Bros. Lumber Co awarding Plaintiff his reasonable costs, fees, and disbursements; and

D. Such other and further relief as is just and equitable.

Dated: September 9, 2009　　　　　　　　　　LAPP, LIBRA, THOMSON, STOEBNER
　　　　　　　　　　　　　　　　　　　　　　　& PUSCH, CHARTERED

　　　　　　　　　　　　　　　　　　　　By:　  /e/  Tyler D. Candee
　　　　　　　　　　　　　　　　　　　　　　 John R. Stoebner (#140879)
　　　　　　　　　　　　　　　　　　　　　　 Tyler D. Candee (#0386598)
　　　　　　　　　　　　　　　　　　　　One Financial Plaza, Suite 2500
　　　　　　　　　　　　　　　　　　　　120 South Sixth Street
　　　　　　　　　　　　　　　　　　　　Minneapolis, MN  55402
　　　　　　　　　　　　　　　　　　　　T (612) 338-5815
　　　　　　　　　　　　　　　　　　　　F (612) 338-6651
　　　　　　　　　　　　　　　　　　　　JStoebner@lapplibra.com
　　　　　　　　　　　　　　　　　　　　TCandee@lapplibra.com

　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF JOHN R. STOEBNER, TRUSTEE**

## VERIFICATION

　　　　John R. Stoebner, in his capacity as trustee of the chapter 7 bankruptcy estate of Daniel A. Bartus, Plaintiff herein, declares under penalty of perjury that he has read the foregoing Complaint and that the facts set forth therein are true and correct according to the best of his knowledge, information, and belief.

　　　　　　　　　　　　　　　　　　　　　　John R. Stoebner